LUTHER E. WILSON, ABRAHAM GILLESPIE et al., Appellants, *v.* HENRY S. EDWARDS, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

Any material change in the terms of a contract upon which one has become liable as surety releases such surety.

Accordingly, *held,* that the sureties for faithful performance of a contract to negotiate and make sales of goods on commission, account for sales and pay over proceeds, were not liable for payment of moneys received by their principal for goods consigned to him at an agreed price.

THIS case comes up upon exceptions taken at the circuit, which were ordered to be heard in the first instance at the General Term, judgment being in the meantime suspended.

The action was tried at the Schenectady Circuit in November, 1870, before one of the justices of the Supreme Court.

The plaintiffs were nonsuited at the trial.  The action was brought upon a contract, by which the defendant became surety to the plaintiffs, who were partners in the hay and produce business, for the faithful performance by Daniel Van Vranken of a contract made between him and the plaintiffs.

By the contract with Van Vranken, the plaintiffs employed him as their agent to negotiate and make sales for them of

hay and other produce. He was to be compensated for his services by a commission of not more than four per cent upon the amount of sales of produce other than hay, and not more than seventy cents per ton for hay; and Van Vranken agreed to render an account of his sales, and to pay over the amount of sales made by him.

The breach alleged was that Van Vranken refused to pay over $1,111.78, which had been received by him as proceeds of hay, sent to him by the plaintiffs under such contract.

It is shown by a schedule introduced in the evidence that twenty car loads of hay had been forwarded to Van Vranken at Boston, to be sold by him as their agent, under the aforesaid contract, between the 20th of March and the 9th of April, 1870, for all of which he had duly accounted; and that after the 9th of April, thirteen additional car loads of hay, amounting to 83 1415-2000 tons, were sent by the plaintiffs to Van Vranken.

The plaintiffs claim to recover of the defendant, under his guaranty, the sum of $1,111.78, as the proceeds of this hay at the rate of $13.50 per ton, after deducting $18.47 for a balance due Van Vranken on a previous accounting.

The defendant claims that this hay was sent to Van Vranken under a different contract from the one on which he became surety; that by the first contract Van Vranken was to sell upon commission only, while by the last, under which the hay in question was sent, Van Vranken was to be accountable to them for the hay at the specified price of $13.50 per ton net, according to their weights, without regard to the amount he might eventually realize for it, he taking the risk of the market. And the defendant claims that by reason of such variance he was not liable under his guaranty for the failure of Van Vranken to pay over the proceeds of this hay. At the close of the testimony defendant's counsel moved for a nonsuit upon the ground that the character of the employment under which the hay was shipped to Van Vranken was different from that specified in the contract with the surety, and that thereby the surety was discharged, and the court

granted the motion; to which ruling the plaintiffs excepted. Plaintiffs also requested the judge to submit certain questions to the jury, which request was refused, and plaintiffs duly excepted. A bill of exceptions was made, which were ordered to be first heard at General Term.

Other facts material to the case are stated in the opinion.

*J. S. Landon,* for the plaintiffs.

*T. W. Jackson,* for the defendant.

Present—MILLER, P. J.; POTTER and BALCOM, JJ.

By the Court—MILLER, P. J.   The action was brought against the defendant as surety of one Daniel Van Vranken, upon a contract made by the plaintiffs with him, by which he agreed to make sales for them of hay, straw and country produce, for which he was to receive not more than four per cent upon the amount of sales of produce other than hay, and for hay, not more than seventy cents per ton. Van Vranken was also to render an account of the sales made by him, and to pay over the same to the plaintiffs.

The justice, in granting the motion for a nonsuit, put his decision upon the ground that the evidence was undisputed that the plaintiffs did make an arrangement with Van Vranken, by which he was to become responsible for the hay, to recover the value of which the action was brought, at a specific sum, and that this being a variation from the original contract, the plaintiffs were not entitled to maintain the action. In cases of suretyship, the contract cannot be extended. Any material change will exonerate the surety from liability, and if the view taken of the testimony was correct, then the nonsuit was properly granted. The question involved is not free from embarrassment, and to determine it properly it is essential to examine the testimony given upon the trial. The plaintiff Wilson testifies that Van Vranken came into their office and said he could sell to

parties in Boston, or had made a bargain with parties in Boston, and they would take this hay at $13.50 a ton, and no allowance for weight or wood. Gillespie was then called in, and, after talking the matter over, it was agreed that the hay should go in that way. Gillespie corroborates this version of the matter, and testifies that nothing was said about any commissions. It appears, from this evidence uncontradicted, that it was understood that Van Vranken was to account to the plaintiffs for the hay at a stated price, and there is no testimony which establishes a different state of facts, as to the price. Wade testifies that, in April, 1870, Gillespie told him that Van Vranken had bought the hay, and, in answer to a letter written by him, Wade, in which it was stated that Van Vranken had said he bought the hay of them at $13.50 per ton, plaintiffs wrote "Van Vranken was here last week and said he would take all the hay, good, bad and indifferent, at $13.50 per ton, our weight, and no deduction for wood." Another witness, Hoyt, testifies that Gillespie stated to him that he had sold the hay to Van Vranken and he hoped he would do well with it.

It also appears that, on the 25th of April, Gillespie went to Boston and obtained from Van Vranken a statement, which, at Van Vranken's request, Gillespie made out, of all the hay which the plaintiffs had sent to him, Van Vranken. In the first part of this statement the hay is entered at the weights and prices for which sold, and Van Vranken credited for freights paid, and commissions at the rate of seventy cents per ton, while the last, being the thirteen tons in controversy, it is entered at plaintiff's weights at $13.50 per ton, with no credit for commissions or freight. Here, clearly, was a waiver of the commissions and an acknowledgment as to the terms upon which the hay was forwarded to Van Vranken. By this statement both parties conceded that the hay was to be accounted for at $13.50 a ton, although sold at a higher price, and the plaintiffs did not claim that Van Vranken should account for the excess of thirty cents a ton over and above the account of commissions which he actually

received.  Another statement made by Van Vranken of the amount due, which was accepted by the plaintiffs, shows the amount of Van Vranken's indebtedness at $1,111.78, and which was claimed of him, is on the basis of $13.50 per ton for the hay in controversy.

From the foregoing summary of the leading facts, it is manifest, I think, that there was a material variation of the original contract by which Van Vranken took the hay at the price agreed upon, and without any regard to commissions, and I am unable to discover any question of fact which should properly have been presented to the consideration of the jury.

As to the three car loads of hay first sent, the judge on the trial remarked that, as to them, no separate demand was made. Whether the judge was right in this respect is not material, for the evidence shows that it was agreed upon that they should go in with the residue of the hay.  They were put upon the schedule at the same price, permitted to remain there, and the amount of Van Vranken's indebtedness calculated at the same price, without any regard to the price for which they were sold, or to the amount paid for freight or commissions, or any deduction for wood or short weights.

As the case stood, I think that the nonsuit was properly granted, and no error was committed in refusing to allow the plaintiffs' counsel to go the jury.

A judgment must therefore be ordered for the defendant, with costs.

Judgment affirmed.